NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HOUHOULAS,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION HUMAN RESOURCES, "CalTrans HR"; SZANDRA KESZTHEYLI, Asst. Division Chief, CalTrans HR; MAGGIE FALCONER, Office Chief CalTrans HR; KRISTEN RASMUSSEN, Asst. Governmental Program Analyst CalTrans HR; CHARLENE ANDERSON, Central Region Budget and Hiring Manager, CalTrans HR; GRACE SWANSON, Classification and Hiring Analyst CalTrans HR; CYNTHIA BENJAMIN, Classification and Hiring Analyst CalTrans HR; STEPHANIE HUYNH, Classification and Hiring Analyst CalTrans HR; CALIFORNIA STATE PERSONNEL BOARD, "CSPB"; JENNIFER MALY, Assoc. Personnel Analyst CSPB,<br><br>        Defendants-Appellees. | No. 23-15546<br><br>D.C. No.<br>2:22-cv-00413-TLN-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Troy L. Nunley, District Judge, Presiding

Submitted May 4, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff John Houhoulas appeals pro se from the district court's judgment dismissing his employment action alleging federal and state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed the Title VII discrimination claims, which were alleged only against individual defendants in their personal capacities. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (individual employees are not "employers" subject to liability under Title VII). Plaintiff's argument that the employees could be sued individually as agents of the employer was rejected in *Miller*. *Id*. Amendment would be futile because plaintiff has consistently argued that he is not suing the state employer. Nor did plaintiff allege any facts to establish that the State Personnel Board, which merely heard his employment appeal, was an "employer" within the meaning of Title VII. *See* 42

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

U.S.C. § 2000e(b) (defining "employer").

The district court properly dismissed the remaining state law claims as barred by the California Government Claims Act because the factual allegations of the complaint alleged that the individual defendants were acting in the scope of their public employment and plaintiff failed to allege compliance with the act. *See Briggs v. Lawrence*, 281 Cal. Rptr. 578, 582-83 (Cal. Ct. App. 1991) (explaining that the court looks to the facts pleaded in the complaint to determine whether it alleges that the public employees committed acts or omissions in the scope of their employment and requiring dismissal where the plaintiff failed to allege that he filed a notice of claim with the public employer).

We do not consider arguments not specifically and distinctly raised and argued in the opening brief or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**